UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hexagon Manufacturing Intelligence, Inc., a Delaware corporation,<br><br>                              Plaintiff,<br><br>   v.<br><br>Ultimate Stone, Inc., an Illinois corporation; Marcin Kozak, an individual; and John DOES 1-10,<br><br>                             Defendants. | No.<br><br>Complaint for Copyright Infringement, Vicarious Copyright Infringement, Breach of Contract, and Permanent Injunction |

Plaintiff Hexagon Manufacturing Intelligence, Inc. asserts the following claims against Defendants Ultimate Stone, Inc. and Marcin Kozak.

**<u>NATURE OF THE ACTION</u>**

1. Plaintiff Hexagon Manufacturing Intelligence, Inc. ("Hexagon") is a Delaware corporation and a world-renowned leader in computer-aided design and manufacturing technology. Hexagon develops and licenses software to support design and manufacturing processes for tooling, production engineering, sheet metal, metal fabrication, stone and woodworking industries.

2. Hexagon's innovative "Alphacam" software affords the production machining market with the power of sophisticated toolpath generation and seamless computer-assisted design integration for milling, turning, and mill-turn machining.

3. This is an action against Defendant Ultimate Stone, Inc. ("Ultimate"), a natural stone and quartz fabrication company, for infringing Hexagon's exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), arising out of Ultimate's and its employee Marcin Kozak's ("Kozak") unauthorized use of pirated Alphacam software (collectively, "Defendants"). Defendants committed willful and blatant acts of copyright infringement by improperly using unlicensed software without authorization for their own financial gain.

4. Hexagon informed Defendants of their infringement and demanded they end their unlawful use of the pirated software product. Defendants refused to come into compliance or remedy their wrongdoing.

5. Hexagon should be awarded injunctive relief and monetary damages to remedy and redress Defendants' willful piracy of Hexagon's copyrighted software.

**PARTIES**

6. Hexagon is a corporation organized under the laws of the State of Delaware, with its principal place of business at Hexagon Manufacturing Intelligence, 250 Circuit Drive, North Kingstown, Rhode Island, 02852.

7. Hexagon owns and controls exclusive rights in the copyright-protected software it distributes and non-exclusively licenses.

8. Specifically, Hexagon has obtained Certificates of Copyright Registration for its suite of Alphacam software products, including, but not limited to, Registration Numbers TX 8-121-672, TX 9-209-954, and TX 9-205-883 (the "Copyrighted Works").

9. On information and belief, Ultimate exists under the laws of the State of Illinois, with its registered and principal place of business at 820 Greenleaf Avenue, Elk Grove Village, Illinois 60007.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 2

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

10. On information and belief, Kozak resides in Illinois and is employed by Ultimate as its Production Manager.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501(b) because this is an action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, seeking damages, injunctive, and other relief.

12. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Hexagon and Defendants are citizens of different states and the amount in controversy is believed to exceed $75,000.

13. This Court has personal jurisdiction over Ultimate because it is an Illinois corporation with its office and principal place of business in Elk Grove, Illinois.

14. This Court has personal jurisdiction over Marcin Kozak because he is an Illinois resident who works in Elk Grove, Illinois and resides in Illinois.

15. On information and belief, Defendants transact, conduct, and solicit business within Illinois and within this judicial district. Defendants committed tortious acts within Illinois and this judicial district. On information and belief, Defendants may own, use, or possess property in the State of Illinois.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND FACTS
### Plaintiff Hexagon and its Copyrighted Works

17. Hexagon is a globally recognized leader in computer-aided technology.

18. Planit Software Limited is an entity domiciled in the United Kingdom and the author of the Copyrighted Works. Pursuant to a distribution agreement, Planit Software Limited granted Hexagon exclusive rights to reproduce, distribute, and display the Copyrighted Works in the United States. The rights granted include the right to enforce the copyrights and pursue any available legal remedies against infringers of the Copyrighted Works.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 3

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

19. Hexagon non-exclusively licenses its computer-aided software to customers to assist with the operation of Computer Numerical Control ("CNC") machinery. Hexagon does so in more than 45 countries through its wholly-owned subsidiaries and expansive reseller network. Its products are instrumental in addressing the worldwide need for computer-aided software in a large variety of focused manufacturing processes.

20. Hexagon's Alphacam suite of software products is a computer-aided manufacturing ("CAM") system that provides an excellent CAM platform, full of functionality to help businesses become more productive and profitable.

21. Hexagon does not manufacture CNC machinery. Although some CNC machinery is designed with integrated operating software, most commercial CNC machinery is separate from the operating software, allowing the machinery owner to select and buy the most appropriate applications to suit its needs.

22. The Alphacam product allows a customer's computers and CNC machinery to work in tandem in a networked environment, designing, storing and modifying files, and then using those files to fashion products for sale. Without an operating system like Alphacam, a CNC machine cannot produce custom products for sale like the products Ultimate sells to its customers.

23. Ultimate's website boasts: "Using the latest technology in the market we can now help you visualize how your project will look with your material of choice. . . . Our CNC machine is the most state of the art technology in the stone industry allowing us to fabricate multiple edge details . . . ." *See* https://ultimatestone.com/about-us/ (last visited April 10, 2023).

24. Critical to the success of its business, Hexagon protects its Copyrighted Works under the terms of an End User License Agreement ("EULA"). The EULA explicitly provides that Hexagon, as licensor, does not sell its software to its customers.

25. In consideration of a customer's compliance with the terms of the EULA and payment of a license fee, Hexagon grants its legitimate customers, as licensees, a non-exclusive,

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 4

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

non-sublicensable, non-transferable, limited license to install, access, and use the licensed software under the terms of the EULA.

26. The EULA is included as part of the installation process for each version of the Alphacam software. In turn, a user must agree to the terms of the EULA prior to installation.

27. To safeguard its Copyrighted Works, Hexagon implements security measures to discover and deter piracy. Specifically, the EULA permits Hexagon to utilize internal diagnostic tools ("technical protection measures" or "TPM") to detect the installation or use of unauthorized copies of the Copyrighted Works. The EULA also permits Hexagon to collect data about the illegal copies.

28. Using the TPM, Hexagon can monitor usage of its Copyrighted Works. This allows Hexagon to know if a product was downloaded and installed.

29. Users of the Copyrighted Works consent to the detection and collection of personally identifiable data, as well as transmission and use of that data if an illegal copy is detected.

30. Hexagon offers and sells its Alphacam product licenses, upgrade licenses, and maintenance support plans using established price lists.

31. Hexagon generally licenses its Alphacam products based on the number of devices the software is deployed to, rather than the number of users. Hexagon also provides the option of a network license where the software is licensed for the number of desired concurrent users.

32. Hexagon continually works to improve its suite of Alphacam products. Customers who utilize maintenance support plans with Hexagon are entitled to new releases of the software products as well as certain updates and technical support.

33. Hexagon requires its new customers to purchase a maintenance support plan upon the purchase of a new valid Alphacam license. Customers are not required to, but may, purchase additional yearly maintenance support plans thereafter.

34. The Copyrighted Works contain materials wholly original to Hexagon and consist of copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

35. Hexagon has not provided authorization, permission, or consent to Defendants to copy or install unlicensed infringing copies of Hexagon's Copyrighted Works.

**Defendants' Unlawful Conduct**

36. Like all users of Hexagon's Copyrighted Works, and as a prerequisite to installation, each time a person installs a valid version of Hexagon's software, the user is required to accept the terms and conditions of the click-through EULA.

37. Despite Hexagon's diligence to eliminate piracy affecting the development of new technology and causing significant revenue loss to software companies worldwide, Hexagon's TPM data capture system revealed that Defendants engaged in furtive, unlawful, and infringing conduct.

38. On June 14, 2015, Ultimate purchased and was issued a non-exclusive network license to Hexagon's Alphacam Stone Standard and Hexagon's Designer Companion ("Network License"). On May 21, 2015, April 15, 2016, and July 14, 2021, Ultimate purchased three additional Alphacam Stone Standard seats, and two Hexagon's Designer Companion seats on June 12, 2021, all of which were added to the Network License. On June 15, 2018, Ultimate purchased and was issued a non-exclusive standalone license to use Hexagon's Alphacam software (the "Alphacam License," and collectively with the "Network License", the "Licensed Alphacam").

39. Ultimate agreed to the terms of the EULA embedded in Licensed Alphacam upon installation of each Alphacam version.

40. On March 2, 2022, Hexagon discovered that Defendant copied, downloaded, installed, and used two unlicensed pirated copies of Hexagon's Alphacam software, rather than purchasing additional licenses.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 6

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

41. Hexagon demanded Defendants stop infringing the Copyrighted Works. Defendants have refused to confirm they will cease and desist and have refused to remedy their wrongdoing.

42. Hexagon's forensic investigation revealed that Defendants downloaded an unlicensed Alphacam 2020 on February 16, 2021, on a computer identified as "laptop-altvqac5" with username "admin" and connected to IP address 96.68.40.177, which is the same IP address Defendants used to access the Licensed Alphacam. WiFi latitude and longitude geolocation details confirm that Defendants infringed Hexagon's work on Ultimate Stone's WiFi account.

43. Hexagon discovered Defendants downloaded a second different unlicensed Alphacam 2021 on a computer identified as "kozak-laptop" with username "admin" and email address marcin@ultimatestone.com while connected to the same IP address 96.68.40.177. WiFi latitude and longitude geolocation details show that Defendants infringed Hexagon's work at the Ultimate Stone facility, but this time on its "UltimateStone Internal" WiFi account.

44. Defendants infringed Hexagon's Copyrighted Works without compensation to Hexagon and in direct violation of the EULAs and federal copyright law.

45. Defendants accessed Ultimate's Licensed Alphacam on the same Internet Protocol address used to access the infringing Alphacam software.

46. On information and belief, the identified Internet Protocol address belongs to and/or is affiliated with Ultimate.

47. The cost of one fully unlocked Alphacam product is more than $116,000.

48. Defendants have not paid for or otherwise obtained additional licenses to use Alphacam.

49. Without right or authorization, Defendants copied two unlicensed Alphacam products ("Infringing Products"), presumably to use with Ultimate's CNC machine in addition to its Licensed Alphacam at its facility in Elk Grove, Illinois.

50. On information and belief, Defendants accessed the Infringing Products to conduct business.

51. On information and belief, Defendants used the Infringing Products to create files and/or to manufacture products for which Ultimate charges its customers.

52. On information and belief, Defendants have directly profited from the unauthorized and illegal use of the Infringing Products.

53. Defendants knew or should have known installation and use of the Infringing Product violated Hexagon's copyrights and the EULAs, especially because the Copyrighted Works contain explicit notices identifying the copyright owner and because Ultimate was a preexisting Hexagon customer at the time it and Kozak began infringing Hexagon's Copyrighted Works.

54. Defendants are in willful violation of the law for copying the Infringing Products without a valid license.

55. As part of Ultimate's installation of the Licensed Alphacam, Ultimate entered valid and binding contracts with Hexagon (*i.e.*, the EULAs) related to prohibited use of Hexagon's software and other terms and conditions.

56. Under the terms of the EULAs, Ultimate agreed that using Hexagon's software outside the scope of the license granted to Ultimate, or otherwise not in accordance with the EULAs, violates Hexagon's intellectual property rights and is a material breach of the EULAs.

57. Ultimate also agreed that it and its employees may not install, access, or use more than the number of Alphacam licenses that Ultimate validly acquired.

58. Ultimate has directly breached the EULAs by installing, accessing, and using unlicensed copies of Hexagon's Copyrighted Works without its permission and outside the scope of the Licensed Alphacam licenses granted to Ultimate.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 8

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

59. Ultimate further agreed to indemnify Hexagon and its affiliates against any and all losses and expenses, including reasonable attorney fees, in connection with any legal proceeding arising out of Ultimate's unauthorized installation, use of, or access to Hexagon's software products, including, but not limited to, claims that such conduct infringes Hexagon's intellectual property rights.

60. Hexagon's remedy at law is inadequate to compensate it fully for its injuries. Unless enjoined, Defendants' actions will likely continue, causing irreparable damage to Hexagon. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Hexagon complete monetary relief for continuing acts damaging Hexagon's intangible assets and goodwill. Absent injunctive relief, Hexagon will continue to be harmed by Defendants' infringing activities.

**COUNT I**
**Copyright Infringement against Kozak**
**(17 U.S.C. § 501)**

61. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

62. Hexagon is the owner of exclusive rights in the Copyrighted Works in and for its Alphacam products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 501, *et seq*.

63. Kozak did not have Hexagon's authorization to install, use, or copy the infringing Copyrighted Works.

64. Kozak copied the Copyrighted Works and, therefore, infringed Hexagon's exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

65. Kozak's acts of infringement are willful, and are in disregard of and with indifference to Hexagon's rights.

66. On information and belief, Kozak profited by his unlawful actions.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 9

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

67. As a direct and proximate result of the infringement, Hexagon is entitled to actual damages and any ill-gotten profits in amounts to be proven at trial.

68. Alternatively, at its election, Hexagon is entitled to statutory damages up to the maximum amount of $150,000 per infringing work for Kozak's willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

69. Hexagon further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

70. As a direct and proximate result of Kozak's acts and conduct, Hexagon has sustained, and will sustain, substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Kozak will likely continue to infringe Hexagon's rights in the Copyrighted Works. Hexagon is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT II
### Vicarious Copyright Infringement Against Ultimate Stone

71. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

72. Hexagon is the owner of exclusive rights in the Copyrighted Works in and for its Alphacam products, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101, *et seq.*

73. On information and belief, Kozak is employed by Ultimate as its Senior Principal Network Engineer.

74. Ultimate has a direct financial interest in the infringing activity of its employees, including Kozak, by profiting from the products it makes, creates, designs, and sells to consumers.

75. Ultimate has the right and ability to supervise the infringing activity of its employees, including Kozak, and the right to monitor its employees' computer usage.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 10

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

76. Ultimate did not have Hexagon's authorization to install, use, or copy the infringing Copyrighted Works, nor to permit, condone, or authorize its employees to install, use, or copy the infringing Copyrighted Works.

77. On information and belief, Ultimate failed to stop or prevent its employees, including Kozak, from installing, using, and/or copying the Copyrighted Works.

78. On information and belief, Ultimate directly benefited and profited from Kozak's direct infringement. For example, Ultimate benefited by selling products—created using the Infringing Products—to Ultimate's customers for Ultimate's financial benefit. Use of the Infringing Products provides the instrumentality by which Ultimate manufactures the products it sells to its customers, which in turn acts as a draw for its customers.

79. As a direct and proximate result of the vicarious infringement by Ultimate, Hexagon is entitled to actual damages and Ultimate's profits in amounts to be proven at trial.

80. Alternatively, at its election, Hexagon is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work for Ultimate's vicarious infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

81. Hexagon further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

82. As a direct and proximate result of Ultimate's acts and conduct, Hexagon has sustained and will sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Ultimate will likely continue to infringe Hexagon's rights in the Copyrighted Works. Hexagon is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT III
### Breach of Contract against Ultimate Stone

83. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 11

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

84. Ultimate entered valid and binding contracts (*i.e.*, the EULAs) with Hexagon upon installation of each Licensed Alphacam version.

85. Under the terms of the EULAs, Ultimate agreed not to use Hexagon's Alphacam software outside the scope of the Licensed Alphacam licenses granted to Ultimate, or in a way that is otherwise not in accordance with the EULAs.

86. Under the terms of the EULAs, Ultimate agreed that it is responsible for its users' compliance with the EULAs and that it would supervise, manage, and control use of Hexagon's Alphacam software.

87. Under the terms of the EULAs, Ultimate agreed not to install, access, or use more than the number of Alphacam licenses that Ultimate validly acquired.

88. Ultimate breached the EULAs by installing, accessing, and using unlicensed copies of the Infringing Products without Hexagon's permission and outside the scope of the Licensed Alphacam licenses granted to Ultimate.

89. Ultimate also failed to supervise, manage, and control its employees' use of Hexagon's software.

90. Hexagon is entitled to enforce the EULAs and to applicable damages, including recovery of its attorney fees and costs, as provided and set forth in the EULA, as a result of Ultimate's breaches.

91. As a result of Ultimate's breaches, Hexagon has been damaged and continues to be damaged in an amount to be proven at trial.

## COUNT IV
**Permanent Injunction**
**(17 U.S.C. § 502(a))**

92. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

93. Defendants copied and repeatedly used unlicensed Infringing Products. Defendants have failed to confirm they will cease using the unauthorized software.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 12

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

94. Defendants' blatant disregard for the law shows they are likely to continue to engage in future wrongful conduct.

95. Hexagon does not have an adequate remedy at law to guard against future infringement by Defendants.

96. Hexagon requests a permanent injunction be entered against Defendants prohibiting continued infringement of Hexagon's copyrights pursuant to 17 U.S.C. § 502(a).

## PRAYER FOR RELIEF

Hexagon prays for judgment against Kozak, Ultimate, and its affiliates, agents, servants, employees, partners and all persons in active concert or participation with them, for the following relief:

1. Award Hexagon actual damages and Ultimate's profits in such amount as may be found; alternatively, at Hexagon's election, for maximum statutory damages for each act of willful infringement; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2. Issue an order permanently enjoining Defendants, and all persons acting in concert or participation with it, from infringing any of Hexagon's exclusive rights under 17 U.S.C. § 106 by using the Copyrighted Works.

3. For treble damages, costs and prejudgment interest, and for such other amounts as may be proven at trial or as otherwise provided by federal or state law.

4. For Hexagon's attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505 and common law or statutory rights.

5. For damages, including an award of Hexagon's attorneys' fees and costs, because of Ultimate's breaches of the EULAs between it and Hexagon.

6. For other and further relief, in law or in equity, to which Hexagon may be entitled or which the Court deems just and proper.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
of Contract, and Permanent Injunction - 13

KUTAK ROCK LLP
Attorneys at Law
450 W. Schaumburg Road, #68819
Schaumburg, Illinois 60194

DATED this 26th day of April, 2023.

Kutak Rock LLP

By: /s/ Paul S. Gerding
Paul S. Gerding, Jr., IL 6206966
Sarah E. Elsden, [WA 51158, *pro hac vice pending*]
450 W. Schaumburg Rd #68819
Schaumburg, Illinois 60194
(312) 602-4100

*Attorneys for Plaintiff*